Smith, J.
The question presented in this case is this: On the 2nd day of April, 1898, by the consideration of the court oil common pleas of Butler county, the plaintiff recovered a judgment against Kate C, Minor for the sum of 82832.07 and costs of suit. The entry of the judgment contained this additional statement:
“By consent of parties it is agreed that no record be made of this case, and execution is hereby stayed for ten months, except execution may issue and levy be made for the purpose of preserving priority of lien.”
On the 2nd day of February, 1899, the said Voorhees, the plaintiff in this case, filed in the office of the clerk o *561 the court of common pleas of said county, his petition against the said Kate C. Minor and others, naming them, in the nature of a creditor’s bill, alleging the recovery by him on April 2, 1898, of the aforesaid judgment against Mrs. Minor, and that no part of it had been paid, and that there was due thereon $2832.07 with seven per cent, interest thereon from April 2, 1898. That Mrs. Minor had no personal property or real estate subject to levy and sale on execution, sufficient to pay said judgment. That said defendant owns the equity of redemption in certain real estate, described therein, and is seized of said real estate subject to certain mortgages held by other of the defendants, naming them, and that certain other defendants, naming them, are each indebted to, and have money in their hands belonging to said defendant, Kate C. Minor; that all of said last,named defendants are tenants, occupying the real estate belonging to her and' described in the petition, and as such tenants are indebted to her for rent already accrued, and will be indebted to her for rent accruing in the future, and that she has interests in money and rent due, and to become due from all of said defendants, the amount of which plaintiff does not know and has no means of knowing That John Balz, another defendant, has property in his possession belonging to the defendant, Mrs, Minor; that he is a tenant or cropper on a farm in which she has an equitable interest, and a& such tenant or cropper, is indebted to her, or has in his possession crops and grain produced on said farm, and other-property belonging to her, the character and amount of which plaintiff does not know.
That plaintiff’s judgment is a lien on , said real estate, described in the petition, and that there are situated thereon buildings and improvements occupied by tenants, and that said real estate is not sufficient in value to pay off the-liens thereon; that the taxes on said real estate are unpaid, and that the same has been or is about to be sold at delinquent tax sale, and that a necessity exists for the appointment of a receiver to take charge of said real estate, collect the rents, pay the taxes, keep up insurance and improvements, and to hold said rents subject to the order of the court.
*562 Wherefore plaintiff prays that the defendants holding mortgages thereon, may be required to set up their respective liens, and that the other defendants may be required to file answers and disclose the amount of their several indebtedness to Mrs. Minor, the nature of their contracts, etc., etc. That the court will find and decree the judgment of plaintiff to be a lien on said real estate, and order her to pay the same, and in. default thereof, that the same be sold, and the proceeds applied to the payment of his claim. And that plaintiff may have such other relief as equity demands.
•Mrs. Minor, the defendant, filed an answer, setting up several defenses to the plaintiff’s action. Issue was made by the reply of the plaintiff. All of those issues have heretofore been determined by this court, except one, viz.: Whether this proceeding or action was prematurely brought.
As has been heretofore stated, the judgment in the original case was entered April 2, 1898* and in that judgment entry was incorporated the agreement of the parties as to a stay of execution, in the exact language hereinbefore quoted. The action in this case was brought February 2, 1899, and it is claimed by Mrs. Minor, that it could not properly be brought before Feburary 3, 1899. Is this so?
It must be conceded that on this question there is an apparent conflict of authorities. But we áre of the opinion that the daim of the counsel for the plaintiff, that there is ■a wide difference between a contract or a law providing a period within which a thing must be done, and a contract or law providing a period beyond which a thing may be done, is well founded, and that while in the first case supposed there is a great conflict of authorities as to whether the first day shall be included and the last day excluded, or the converse, in the second case the great weight of authority is that the first day is included.
It seems to us that such is the holding of the Ohio courts, :in cases that have been a strong analogy, at least, to the case before us. For instance, in the case of Hagerman v. Building Association, 25 Ohio St., 186, it was held that “in computing the time for which notice of a sale on execution, should be advertised before the day of sale as prescribed by section 436 of the code’’ (now 5393, Revised *563 Statutes), “the day on which the notice was first published may be included, and the day of sale must be excluded. Section 597 (now section 4951), does not apply in such case.” And Judge Mcllvaine in deciding the case, seems to recognize the distinction before alluded to, for he says: “This is not a case where an act is to be done within a certain time: the sale takes place after the time for advertising has expired”. So it was held in 15 Ohio, 408, that under the statute providing for notice of trial in actions for forcible detainer, that it was to be given three days before the day of trial, that a notice served on the 6th of July for trial on the 9th of July, was sufficient, Judge Birchard saying, “It is a rule well settled that in counting the days, the day cf "service is one day”.
We think, too, that the cases of Griffeth v. Bogart, 18 Howard, U. S,, 158 164-165, and Taylor v. Brown, 147 U. S., 640, support the same view. The first of these cases involves the construction of a statute of the state of Missouri, which authorized an execution against the lands and tenements of a deceased person, but provided that no sale should be made “until after the expiration of eighteen months from * * * the date of the letters testamentary or letters of administration. In that case the letters of administration were dated November 1, 1819, and the sale was made May 1, 1821, and was held to be valid, Judge Grier delivering an interesting opinion on the subject. The case in 147 U. S., 640, arose under a statute of the United States which provided that lands acquired by any Indian under the statute, should be and remain inalienable “for a period of four years from the date of the patent issued therefor”. The patent was dated June 15, 1880, and the date of the conveyance by the Indian was June 15,1885. His conveyance was beld good.
Other cases supporting this view might be cited, but we do not deem it necessary to do so. The rule certainly seems to be a reasonable one, and the case at bar comes within the reason of the rule. Why should not the day of the entry of the judgment be counted as a part of the ten months for which the stay was given ? Immediately on the rendition of the judgment on April 2, 1898, an execution might have been issued, had it not been for the agreement *564 of the parties incorporated into the judgment, and we see no reason why it should not be counted as one of the days for which the stay was given, and by so holding no injustice is done to the defendant‘in the case.
Morey, Andrews & Morey, for Yoorhees.
Lawrence Maxwell,, J., Shoits & MiUikin, .and Wm. Mc-Mdkin, for Mrs. Minor.
In addition to this we greatly question if this action were brought one day sooner than that when the plaintiff clearly would have had the right under the stipulation to issue an execution, whether it is in violation of the agreement so made. We incline to the opinion that it is not an execution in the meaning of the parties as there used. It is a proceeding in aid of execution,and one of the evident purposes of the plaintiff in bringing it wsb to preserve the priority of liens — that is, he sought to hold for the purpose of applying it to the satisfaction of his judgment, the money due from some of the defendants to Mrs, Minor, and thus protect it from the claims of others.
We find therefore for both of the reasons assigned, that the action was not prematurely brought, and a decree may be taken as before ordered,